THOMAS BROWN, RESPONDENT, v. THE BUFFALO, NEW YORK AND ERIE RAILROAD COMPANY, APPELLANT, IMPLEADED, ETC.

*Corporation — action by a stockholder against it — when its refusal to bring an action need not be alleged.*

The plaintiff, a stockholder in the defendant corporation, brought this action against the corporation and its president. The complaint alleged that the plaintiff had been at the time the grievances complained of were committed, and still was, a stockholder, and that the action was brought in behalf of himself and of such other stockholders as were willing to unite, etc. It also alleged that the company and its president had converted and misapplied corporate moneys and refused to account for the same, and that it withheld dividends due to the plaintiff and kept false books of account. The relief demanded was that the defendants be compelled to account and pay over to the plaintiff his share of the moneys which ought to have been divided among the stockholders.

*Held*, on an appeal from an order overruling a demurrer interposed by the corporation to the complaint, that the complaint stated a cause of action as against the defendant corporation, although it did not allege that it had refused to bring an action upon being requested so to do.

APPEAL from a judgment, entered upon an order overruling a demurrer to the complaint.

*Sherman S. Rogers*, for the appellant.

*Grover Cleveland*, for the respondent.

SMITH, P. J.:

The plaintiff, a stockholder of the corporation defendant, sued the corporation and Charles G. Miller, its president, for certain wrongful acts and omissions prejudicial to the rights of the stockholders, charged upon the company and Miller as confederates. The corporation and Miller demurred separately. Miller's demurrer, was sustained on the ground that the complaint failed to allege that the corporation had refused to sue. The demurrer on the part of the corporation was overruled, and it is now contended that it should have been sustained upon the ground assigned for the decision upon Miller's demurrer.

The complaint alleges that during all the time of the commission of the grievances complained of, the plaintiff has been, and still is a stockholder of said corporation, and that the action is brought in behalf of himself and such other stockholders of the company as are willing to unite, etc. The complaint charges, in substance, that the company and Miller have converted and misapplied corporate moneys, and refused to account for the same, withheld dividends due to the plaintiff, and kept false books of account, and the relief demanded is that they account and pay over to the plaintiff his share of the said moneys which ought to have been divided among the stockholders.

As Miller's demurrer has been sustained, the averments in the complaint touching him alone may be regarded as out of the case, and the complaint may be treated as one against the company alone.

We are of the opinion that upon the facts alleged in the complaint, the plaintiff may maintain his action against the company alone for fraudulently withholding the plaintiff's share of moneys received by it, which ought to have been divided among the stockholders. (Angel & Ames on Corporations [2d ed.], ·334, § 10; *Prouty* v. *M. S. and N. I. R. R. Co.*, 1 Hun, 655.) The fact that Miller, the president, confederated with the company to wrong the stockholders, does not relieve the company from liability. The appellant's counsel contends that the complaint is defective as against the corporation in not alleging that it has refused to act for the relief of the stockholders, and in support of that contention he suggests that there is no allegation that the *present* board of

directors or the company do *now* refuse to make the proper dividends, etc. But the wrongs and delinquencies charged upon the corporation are alleged, in effect, as existing and continuing down to the time of the commencement of the action, and that is enough.

We think the complaint is sufficient as against the company, and that the order and judgment appealed from should be affirmed, with costs.

HARDIN and HAIGHT, JJ., concurred.

Judgment and order affirmed, with costs.